IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


THERESA B. BRADLEY,

    Plaintiff,

vs.                                            CASE NO. 4:06cv289-RH/WCS

ROBERT BRUCE MILLER, et al.,

    Defendants.

                                /


**REPORT AND RECOMMENDATION**

       Plaintiff, proceeding *pro se,* has submitted a civil complaint and a motion seeking leave to proceed *in forma pauperis*. Docs. 1, 2. Prior to review of the complaint and motion, Plaintiff has recently submitted an extremely lengthy amended complaint, doc. 4, with numerous exhibits. Review of the complaint and amended complaint has now been made prior to ruling on the *in forma pauperis* motion.

       Plaintiff has previously filed several actions in this Court. *See* cases 4:05cv220-RH-WCS, 4:05cv448-RH/WCS, and 4:00cv446-WS/WCS, and 4:01cv403-RH/WCS. Judicial notice is taken that Plaintiff has previously sought to litigate claims related to this action and claims against some of the Defendants named in this case. That issue

need not be resolved here, however.  Furthermore, Plaintiff's *in forma pauperis* motion, doc. 2, will not be reviewed at this time.

Plaintiff's allegations concern events which allegedly transpired in Broward and Dade Counties, Florida, locations outside of the territorial jurisdiction of the Northern District of Florida.  Docs. 1, 4.  Plaintiff contends that jurisdiction is appropriate in this Court pursuant to the diversity jurisdiction statute and for violations of federal law under 28 U.S.C. § 1331.  *See* doc. 4, pp. 5-6.  Plaintiff asserts that venue in this Court is appropriate pursuant to Florida law and because she contends that corruption in South Florida will prevent her from receiving fair and impartial justice.  *Id.*  .

Florida law does not control the issue of venue in the federal courts.  Federal law controls.  Congress specified in 28 U.S.C. § 1391 that in a civil case where "jurisdiction is not founded solely on diversity of citizenship," the case may be brought (1) in a judicial district where any defendant resides, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  The primary Defendants in this case are listed by Plaintiff as having addresses in Fort Lauderdale and Miami.  Moreover, the claims at issue appear to have taken place within the jurisdiction of the Southern District of Florida.  Thus, this action should be transferred to that Court for further proceedings and consideration of Plaintiff's *in forma pauperis* motion.

The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c) is in the United States District Court for the Southern District of Florida, Fort Lauderdale Division.  That Court is in a better position to consider other actions which

Plaintiff may have litigated in that location, and transferring this action is in the interest of justice.

A federal district court has authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The issue of defective venue may be raised *sua sponte* and transferred without a hearing. <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988). It is recommended that this action be transferred rather than dismissed. It is further recommended that the Southern District of Florida make the determination as to whether or not Plaintiff is entitled to proceed *in forma pauperis*.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2006.


  s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:06cv289-RH/WCS