IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


THERESA B. BRADLEY,

    Plaintiff,

v.                             CASE NO. 4:06cv289-RH/WCS

ROBERT BRUCE MILLER, et al.,

    Defendants.

_____/


**ORDER FOR TRANSFER**

    This matter is before the court on the magistrate judge's report and recommendation (document 7) and the objections thereto (document 10). I have reviewed *de novo* the issues raised by the objections.

    The report and recommendation correctly concludes that venue in this district is improper, as shown on the face of the complaint. Plaintiff invokes both diversity and federal question jurisdiction. Venue in an action (like this one) in which jurisdiction is not founded solely on diversity is proper only in (1) a district in which any defendant resides, *if all defendants reside in the same state*, (2) a district in which a "substantial part of the events or omissions giving rise to the

claim occurred" or a substantial part of property that is subject to the action is situated, or (3) a district in which any defendant may be found, *if there is no district in which the action may otherwise be brought*.  28 U.S.C. §1391(b) (emphasis added).  The highlighted conditions to application of clauses (1) and (3) of this statute are not met in the case at bar, because all defendants do not reside in the same state (*see* Complaint ¶¶ 12 & 13), and there is a district (the Southern District of Florida) in which a substantial part of the events allegedly giving rise to the claim occurred.

    Despite plaintiff's naming of the Florida Bar as a defendant and her focus on the Bar's maintenance of its headquarters in the Northern District of Florida, there is no allegation that a substantial part of the events at issue occurred in this district, and they plainly did not.  First, even if there were a basis for a claim against the Bar, the issue would not be where the Bar maintains its headquarters, but where any acts or omissions at issue in this case occurred (or should have occurred).  Bar grievance and disciplinary proceedings occur not only in Tallahassee but throughout the state, at or near where the alleged misconduct occurred.  Second, as plaintiff's own objections to the report and recommendation recognize, "this is essentially a legal malpractice action."  Objections (document 10) at 5 ¶13.  The alleged malpractice occurred in the Southern District of Florida.

Finally, even if venue technically were proper in this district, transfer of this action obviously would be appropriate under 28 U.S.C. §1404(a). This is a Southern District of Florida controversy from start to finish. The convenience of parties and witnesses and the interest of justice call for resolution of this controversy in that district.

For these reasons and those set forth in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED. This matter is hereby transferred to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division. The clerk shall take all actions necessary to effect the transfer.

SO ORDERED this 25th day of September, 2006.

s/Robert L. Hinkle<br>
Chief United States District Judge